**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Covington Specialty Insurance Company, | Civil Action No.: **2:21-cv-680-BHH** |
| Plaintiff, | |
| v. | |
| The Agent Owned Realty Co. Service Group d/b/a Premier Group; and Anthony King, individually and as personal representative of Christina King, Daniel King and L.K. (a minor child under 18), | **COMPLAINT FOR DECLARATORY JUDGMENT** **(Non-Jury)** |
| Defendants. | |

NOW COMES Covington Specialty Insurance Company ("Covington"), Plaintiff in the above-styled action, seeking declaratory relief to determine the rights of the parties to an insurance contract, and shows unto this Court the following:

## PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. §§ 2201, 2202, and Rule 57 of the Federal Rules of Civil Procedure, Covington seeks a declaratory judgment and adjudication concerning the rights, obligations, and liabilities of the parties under certain policies of insurance with respect to claims asserted by Defendant Anthony King, individually and as personal representative of Christina King, Daniel King and L.K. (a minor child under 18), ("King") against Defendant The Agent Owned Realty Co. Service Group d/b/a Premier Group ("Agent Owned Realty" or the "Insured") in a civil action captioned, <u>Anthony King, Individually and as Personal Representative of Christina King, Daniel King and L.K. (a minor child under 18) v. John Doe, Governor Frank Heirs of Etal as property</u>

<u>owner, and The Agent Owned Realty Company/Premier Group, Inc.</u>, Civil Action No. 2020-CP-08-00099, pending in the Court of Common Pleas for the Ninth Judicial Circuit, Berkeley County, South Carolina (the "Underlying Lawsuit"). In the Underlying Lawsuit, King alleges Agent Owned Realty is liable for a fire (the "Fire") at a mobile home located at 108 Shady Trail Lane, St. Stephen, South Carolina, 29479 (the "Home") King rented and lived in with Christina King, Daniel King, and L.K. that resulted in injuries to King and Christina's, Daniel's, and L.K.'s deaths.

## PARTIES AND JURISDICTION

1.    At all times relevant hereto, Covington is a New Hampshire corporation organized under the laws of New Hampshire with its principal place of business in New Hampshire. Covington is licensed to conduct business in South Carolina by the South Carolina Department of Insurance.

2.    Upon information and belief, Agent Owned Realty is a South Carolina corporation organized under the laws of South Carolina with its principal place of business in South Carolina.

3.    Upon information and belief, King is a South Carolina citizen and resident who lives in Berkeley County.

4.    There is a real, substantial, and justiciable controversy between the parties concerning their relationship with respect to insurance coverage. A declaratory judgment will clarify and settle the parties' legal relations at issue and will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to this proceeding.

5.    This matter is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

6.    The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the $75,000.00 jurisdictional requisite as Covington's potential coverage limits and King's claims asserted against the Insured in the Underlying Lawsuit are well in excess of that amount.

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because it is the judicial district where King and the Insured reside per 28 U.S.C. § 1391(c)(1) and (2) and because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims against the Insured occurred.

8.    All of the parties herein are proper parties to this action in that each has an interest or claims an interest that would be affected by a declaratory judgment.

## THE POLICY

9.    Covington incorporates by reference the preceding paragraphs as if fully set forth herein.

10.    Covington issued Policy No. VBA424098, a commercial general liability policy of insurance, to the Insured with a policy period spanning from October 9, 2016 to October 9, 2017 (the "Policy").  A copy of the Policy is attached as **Exhibit A** and incorporated herein.

11.    The Policy contains conditions of coverage and excludes certain risks.  All of the terms, conditions, obligations, and duties under the Policy are incorporated herein by reference.

## THE UNDERLYING LAWSUIT

12.    Covington incorporates by reference the preceding paragraphs as if fully set forth herein.

13.     On January 13, 2020, King filed a complaint the Underlying Lawsuit against the Insured and other defendants.

14.     On January 14, 2020, King filed the operative Amended Complaint in the Underlying Lawsuit.  A copy of the Amended Complaint is attached as **Exhibit B** and incorporated herein.

15.     In the Amended Complaint, King alleges that:

a.  on November 1, 2016, King entered into a one-year lease agreement (the "Lease") with the defendants to rent the Home, (Am. Compl. ¶ 17, Ex. B);

b.  the Lease provided that the defendants would be responsible for providing all essential services for the Home as dictated by South Carolina Code § 27-40-440 and the terms of the Lease, (Am. Compl. ¶ 19);

c.  prior to and upon moving into the Home, King informed the defendants of electrical problems and the inability to open or remove bars on windows and doors, (Am. Compl. ¶ 21);

d.  on an unspecified date, prior to March 2, 2017, the defendants hired an unlicensed electrician to perform repairs, (Am. Compl. ¶ 22);

e.  on an unspecified date, the unlicensed electrician hired by the defendants did not complete the electrical work required in the Home, (Am. Compl. ¶ 23);

f.  on March 2, 2017, an electrical spark ignited the Fire in the Home, (Am. Compl. ¶ 24); and

g. Christina King, Daniel King, and L.K. were trapped inside the Home because of bars on the windows and doors and perished in the Fire, while King was able to escape with injuries, (Am. Compl. ¶¶ 26–28);

16. A copy of the Lease is attached as **Exhibit C** and incorporated herein.

17. The Insured is in the business of real estate sales and property management.

18. The Insured entered into a Residential Management Agreement (the "Management Contract") with the owner of the Home for September 21, 2016 through September 21, 2017. A copy of the Management Contract is attached as **Exhibit D** and incorporated herein.

19. Under the terms of the Management Contract, the Home owner gave the Insured sole and exclusive authority "to rent, lease, manage, collect and receipt for rents and operate the PREMISES" of the Home. (Management Contract ¶ 1a, Ex. D). The Home owner retained "the right to make all management decision concerning establishing parameters for new tenants, rental terms, and capital or repair expenditures in excess of $250.00 in any month[.]" (Management Contract ¶ 1a).

20. King alleges various causes of action against the defendants in the Underlying Lawsuit, which are styled as "breach of contract"; "wrongful death"; "negligent misrepresentation"; "negligence"; "loss of consortium"; "discovery"; "attorneys fees"; and "punitive damages." (Am. Compl. ¶¶ 29–77).

21. King seeks as relief in the Underlying Lawsuit "actual, direct, indirect, special, resulting and consequential damages" against the Insured and the other defendants, "jointly and severally, in an amount to be determined," as well as punitive damages, pre-judgment and post-

judgment interest, reasonable attorney's fees and costs, and any other relief the state court deems just and proper.  (Am. Compl. at 10).

22.    Agent Owned Realty filed an Answer to the Amended Complaint on April 3, 2020. A copy of the Agent Owned Realty's Answer to the Amended Complaint is attached as **Exhibit E** and incorporated herein.

23.    In the Answer to the Amended Complaint, Agent Owned Realty denied the allegations against it and asserted various affirmative defenses.  (<u>See generally</u> Answer to Am. Compl., Ex. E).

24.    Covington has issued multiple reservation of rights letters to Agent Owned Realty, acknowledging receipt of information related to the Underlying Lawsuit, agreeing to defend the Insured under a full and complete reservation of rights under the terms of the Policy, including the right to seek a judicial declaration that Covington has no obligation to defend or indemnify the Insured in the Underlying Lawsuit and to withdraw from the defense.

25.    Under the reservation of rights letters Covington issued to Agent Owned Realty, Covington agreed to provide a defense to the Insured in connection with the Underlying Lawsuit until such time as it can be determined whether the claims alleged against the Insured would be covered under the Policy.

26.    On July 2, 2020, the court in the Underlying Case issued a Consent Order dismissing certain defendants and amending the caption to reflect that the only defendants are "John Doe, Governor Frank Heirs of Etal as property owner, and The Agent Owned Realty Company/Premier Group, Inc."  A copy of the July 2, 2020 Order is attached as **Exhibit F**.

27.     As provided above, Agent Owned Realty has responded to all allegations in the Underlying Lawsuit and is defending these claims.

28.     Covington submits that the Policy does not provide coverage for the damages or relief sought against Agent Owned Realty in the Underlying Lawsuit and therefore Covington has no duty to defend or indemnify Agent Owned.

## CLAIM FOR DECLARATORY RELIEF
### (Covington's Coverage Obligation)

29.     Covington incorporates by reference the preceding paragraphs as if fully set forth herein.

30.     A genuine, actual, and justiciable controversy has now arisen and presently exists between and among the parties to this action concerning the applicable coverage afforded to Agent Owned Realty under the Policy issued to the Insured for the claims or damages resulting from King's allegations in the Underlying Lawsuit.

31.     This action is ripe for a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and as authorized by the Declaratory Judgment Act.  A final ruling by this Court will determine the rights and obligations of the parties and will settle the controversy among them as to whether Agent Owned Realty is entitled to coverage under the Policy for the claims asserted against it in the Underlying Lawsuit.

32.     Agent Owned Realty is not entitled to coverage under the Policy for any of the claims or damages resulting from the allegations in the Underlying Lawsuit because the Policy contains terms, conditions, and endorsements and exclusions that preclude or exclude coverage for the claims and damages alleged in the Underlying Lawsuit.

33.    Agent Owned Realty is not entitled to coverage under the Policy for any of the claims or damages alleged against Agent Owned Realty in the Underlying Lawsuit because those claims and damages are not covered under the Policy as the allegations against Agent Owned Realty do not constitute an "occurrence" as defined by the Policy and South Carolina law.

34.    Notwithstanding the lack of an "occurrence," Agent Owned Realty is not entitled to coverage under the Policy for some or all of the claims and damages alleged against Agent Owned Realty in the Underlying Lawsuit because those claims and damages are expressly excluded from coverage as bodily injury and property damage "expected or intended from the standpoint of the insured" are excluded by Exclusion 2(a), "Expected or Intended Injury."

35.    Notwithstanding the lack of an "occurrence," Agent Owned Realty is not entitled to coverage under the Policy for some or all of the claims and damages alleged against Agent Owned Realty in the Underlying Lawsuit because those claims and damages are expressly excluded from coverage as damages arising from a contract are excluded by the Policy's "Contractual Liability" exclusion.

36.    Notwithstanding the lack of an "occurrence," Agent Owned Realty is not entitled to coverage under the Policy for some or all of the claims and damages alleged against Agent Owned Realty in the Underlying Lawsuit because those claims and damages are expressly excluded from coverage as damage to property operated or managed or for which Agent Owned Realty acts as agent in any supervisory capacity is excluded by the Policy's "Real Estate Property Managed" endorsement.

37.    Notwithstanding the lack of an "occurrence," Agent Owned Realty is not entitled to coverage under the Policy for some or all of the claims and damages alleged against Agent

Owned Realty in the Underlying Lawsuit because those claims and damages are expressly excluded from coverage as damages arising out of any misrepresentation, error or omission by Agent Owned Realty or any real estate agent or broker who is either employed by Agent Owned Realty or performing work on behalf of Agent Owned Realty is excluded by the Policy's "Real Estate Agents or Brokers Errors or Omission" endorsement.

38.    Notwithstanding the lack of an "occurrence," Agent Owned Realty is not entitled to coverage under the Policy for some or all of the claims and damages alleged against Agent Owned Realty in the Underlying Lawsuit because those claims and damages are expressly excluded from coverage as damages arising out of the rendering or failure to render any professional service are excluded by the Policy's endorsement for "Contractors – Exclusions and Limitations Amendatory," which excludes coverage for "Professional Services."

39.    Notwithstanding the lack of coverage pursuant to the terms and conditions of the Policy, Agent Owned Realty is not entitled to coverage under the Policy for the claims and damages alleged against Agent Owned Realty in the Underlying Lawsuit because a material misrepresentation was made by Agent Owned Realty in connection with obtaining the coverage, specifically, that it obtains certificates of insurance from all property owners confirming insurance.

40.    Covington requests the Court declare the relative rights, duties, and obligations of the parties to this action under the Policy for any of the claims and damages alleged in the Underlying Lawsuit.  Covington is entitled to a judgment declaring and adjudging that Agent Owned Realty is not entitled to coverage under the Policy for any of the claims or damages resulting from the allegations against it in the Underlying Lawsuit.

## **BINDING INTEREST**

41.    Covington incorporates by reference the preceding paragraphs as if fully set forth herein.

42.    Because this is a declaratory judgment action, all of the parties hereto are bound by the declarations made by the Court as to all of the issues adjudged herein.  Covington is entitled to a declaration to this effect.

## **PRAYER FOR RELIEF**

45.    WHEREFORE, Covington respectfully prays unto the Court as follows:

a.    That a declaratory judgment be entered adjudging and declaring the relative rights of the parties to this action concerning the applicable coverage afforded by Covington under the Policy issued to Agent Owned Realty for the claims or damages resulting from King's allegations in the Underlying Lawsuit.  Specifically, Covington is entitled to a judgment declaring and adjudging that it does not have a duty to defend or indemnify Agent Owned Realty under the Policy for any of the claims or damages resulting from King's allegations in the Underlying Lawsuit; and for any such other and further relief as the Court may deem just and proper.

*Signature to follow*

Respectfully submitted,

**HALL BOOTH SMITH, P.C.**

*/s/Elizabeth F. Wieters*
Elizabeth F. Wieters, Esq., Federal Bar No. 12317
Daniel R. Fuerst, Esq., Federal Bar No. 12616
111 Coleman Blvd., Suite 301
Mt. Pleasant, SC 29464
Telephone: (843) 720-3460
Facsimile: (843) 720-3458
ewieters@hallboothsmith.com
dfuerst@hallboothsmith.com

*Attorneys for Plaintiff Covington Specialty*
*Insurance Company*

March 10, 2021
Mount Pleasant, South Carolina